UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHANIQUE PEREZ, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   21-929 (RC) |
| | : | |
| v. | : | Re Document Nos.:   116, 129 |
| | : | |
| KIPP DC SUPPORTING CORP., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR RECUSAL

### I.  INTRODUCTION

Plaintiff Shanique Perez ("Perez"), proceeding *pro se*, brought this action against KIPP DC Supporting Corporation ("KIPP DC") and Capital City Public Charter School, Inc. ("Capital City") (collectively, "Defendants").  Before the Court is Perez's request that this judge recuse himself and reassign this case to Chief Judge James E. Boasberg.  *See* Pl.'s Mot. Recusal, ECF No. 116; Pl.'s Mot. Reassignment, ECF No. 129; Ex. A to Mot. Reassignment, ECF No. 129-1. For the reasons explained below, the Court denies her motions.

### II.  BACKGROUND

The Court presumes familiarity with the factual and procedural background in this case. *See Doe v. KIPP DC Supporting Corp.* ("*Doe 2019*"), 373 F. Supp. 3d 1 (D.D.C. 2019); *Perez v. KIPP DC Supporting Corp.* ("*Perez 2022*"), 590 F. Supp. 3d 150 (D.D.C. 2022); *Perez v. KIPP DC Supporting Corp.* ("*Perez 2023*"), 70 F.4th 570 (D.C. Cir. 2023); *Perez v. KIPP DC Supporting Corp.* ("*Perez 2024*"), No. 21-cv-929, 2024 WL 3534769 (D.D.C. July 25, 2024). Accordingly, this opinion will describe only the facts relevant to the pending motions.

Perez first filed suit against Defendants in 2018, seeking damages for the sexual abuse she suffered as a minor student at the hands of Alan Coleman, her teacher who was first employed by KIPP DC and then by Capital City. *Doe 2019*, 373 F. Supp. 3d at 5–6. The Court dismissed that suit because Perez filed her complaint after the statute of limitations period had expired. *Id.* at 15. Four months after the Court's dismissal, the District of Columbia enacted the Sexual Abuse Statute of Limitations Amendment Act of 2018, which amended the D.C. Code and created a two-year revival period for claims. *Perez 2022*, 590 F. Supp. 3d at 155–56.

Perez sued Defendants again in 2021. Compl. ¶¶ 2–7, ECF No. 1. The case was assigned to Chief Judge James E. Boasberg, but because it was Perez's second case "involving the same parties and relating to the same subject matter," it was reassigned to this judge. Notice Related Case, ECF. No. 8; Reassignment Civil Case, ECF No. 9; Local Civil Rule 40.5(a)(4). The Court then dismissed Perez's 2021 complaint. *Perez 2022*, 590 F. Supp. 3d at 164.

On appeal, the D.C. Circuit reversed this Court's decision and held that Perez's 2021 complaint could not be dismissed on the ground of *res judicata* because her first case was dismissed without prejudice. *Perez 2023*, 70 F.4th at 572. The Circuit remanded the case to this Court to determine "the remaining issues," including whether the old or new D.C. statute of limitations applied to several of Perez's claims. *Id.* at 573. In *Perez 2024*, the Court granted Defendants' motion to dismiss Perez's negligence claims against Capital City and granted Perez leave to amend her complaint with respect to her gross negligence and intentional tort claims. 2024 WL 3534769, at *14.

On September 5, 2025, Perez moved to dismiss her counsel and proceed *pro se*. Mot. Dismiss Counsel, ECF No. 99. Whitney Butcher, Reza Davani, and the law firm Ketterer,

2

Browne & Davani, LLC moved to withdraw their representation of Perez.  Mot. Withdraw, ECF No. 104.

Perez, now appearing *pro se*, filed a motion for my recusal and a motion for reassignment to Chief Judge James E. Boasberg.  Pl.'s Mot. Recusal; Pl.'s Mot. Reassignment.  Perez contends that I am biased toward Greg Marshall, the counsel for Defendant KIPP DC, because we both worked at the United States Attorney's Office, and thus 28 U.S.C. § 455 requires my disqualification.  *See* Pl.'s Mot. Recusal at 3.  Defendants filed a joint opposition brief to Perez's motion for my recusal.  Defs.' Opp'n Mem. Recusal, ECF No. 139.

### III.  ANALYSIS

"Deference to the judgments and rulings of courts depends upon public confidence in the integrity and independence of judges."  *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001) (quoting Code of Conduct for U.S. Judges, Canon 1 cmt. (2000)).  So to safeguard the integrity of judicial proceedings, the United States Constitution, federal statutory law, and codes of judicial conduct each outline standards for when a judge may—or, in some cases, must—remove himself from a case.  *See id.* at 111–15; *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009).

Perez invokes one of the statutory protections that applies to all federal judges: 28 U.S.C. § 455.[1]  It first provides that a judge "shall disqualify himself in any proceeding in which his

---

[1] Another statute, 28 U.S.C. § 144, requires a federal district court judge to recuse himself "[w]henever a party to any proceeding . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  Perez filed no such affidavit and does not point to section 144 in her motion.  But even if she had, the facts she alleges do not satisfy the "exacting" standards of section 144.  *See United States v. Haldeman*, 559 F.2d 31, 134 (D.C. Cir. 1976) (per curiam) (explaining that, to satisfy section 144, allegations in an affidavit "must be definite as to time, place, persons, and circumstances" and cannot be "merely of a conclusionary nature").  She would be unable to prevail for much the same reasons that her section 455 motion fails.  *See*

3

impartiality might reasonably be questioned." *Id.* § 455(a). It then lists a series of additional circumstances that require disqualification, including "[w]here he has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1). To force a judge's recusal under section 455(a), "the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Tripp v. Exec. Off. of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The standard is an objective one. *Microsoft Corp.*, 253 F.3d at 114. That means "[t]he question is whether a reasonable and informed observer would question the judge's impartiality." *Id.* Section 455(b)(1) requires the movant to show "actual bias or prejudice based upon an extrajudicial source." *Tripp*, 104 F. Supp. 2d at 34. Finally, a motion to disqualify under section 455 cannot succeed when it is based on "bald allegations of bias or prejudice." *See Karim-Panahi v. U.S. Cong.*, 105 F. App'x 270, 275 (D.C. Cir. 2004) (per curiam); *see also In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992) ("A judge should not recuse himself based upon conclusory, unsupported or tenuous allegations.").

In her motion for recusal, Perez makes various allegations that this judge is partial and biased. She states that (1) there is an "ongoing conflict" based on my and Mr. Marshall's "overlapping service" at the United States Attorney's Office; (2) I previously dismissed Perez's claims in ways inconsistent with treatment of related matters; and (3) my rulings "deepen the

---

*Klayman v. Judicial Watch, Inc.*, 278 F. Supp. 3d 252, 257 (D.D.C. 2017) ("Substantively, sections 144 and 455 are quite similar, if not identical." (internal quotation marks omitted)).

appearance" that former lawyers at the United States Attorney's Office are positioned to protect one another. Pl.'s Mot. Recusal at 3–4.

Perez's references to this judge's relationships with Defendants' counsel appear to stem from my previous positions in the Civil Division of the United States Attorney's Office for the District of Columbia. While serving as an Assistant United States Attorney, I never worked on this case or any related matters. *See McKee v. U.S. Dep't of Justice*, 253 F. Supp. 3d 78, 81 (D.D.C. 2017) (denying motion to recuse where judge "once worked at the Department of Justice, but . . . left the Department over fifteen years [previously] and had no involvement of any kind with this case or the predicate facts"), *aff'd*, 2018 WL 1388575 (D.C. Cir. Feb. 21, 2018) (per curiam). And "mere prior association does not form a reasonable basis for questioning a judge's impartiality." *Allphin v. United States*, 758 F.3d 1336, 1344 (Fed. Cir. 2014) (citation modified) ("The judge's prior work for the Department of Justice . . . does not raise a reasonable question as to her impartiality.").

Further, I never worked with Defendants' counsel at the United States Attorney's Office. Mr. Marshall worked in the Criminal Division, and I worked in the Civil Division. Defs.' Opp'n Mem. Recusal at 1–2. Although Defendants' counsel and I had, apparently, overlapped from 2006 through 2010, a judge's social relationship with a lawyer is not grounds for disqualification unless it is "so close or unusual as to be problematic." *In re Hawsawi*, 955 F.3d 152, 161 (D.C. Cir. 2020) (affirming refusal to recuse where relationship was "cordial but not intimate"). That is not true here. Mr. Marshall and I had senior positions at the United States Attorney's Office, but I have not had any close association with him, either work-related or social. Although it is likely that, at some point, Mr. Marshall attended a Division Chiefs meeting on behalf of his supervisor that I too attended, I cannot even recall such an instance. And, regardless, he and I

5

would not have directly interacted at such a meeting. Other than such fortuitous interactions at such meetings when his supervisor was absent, there were no work-related interactions. And there have been zero social interactions.

Besides her allusions to this judge's prior employment, Perez points to no specific facts that support her claim of bias or establish an extrajudicial source of prejudice. On the contrary, the only evidence she marshals to back her allegations is from this Court's actions in her case. Perez argues that this judge "dismissed [her] claims on res judicata grounds in ways inconsistent with his treatment of related matters, including [*Doe 2019*]." But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. That is because, by themselves, "they cannot possibly show reliance upon an extrajudicial source." *Id.* And "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* The dismissal that Perez cites as evidence of this judge's bias does not reveal the kind of "deep-seated favoritism or antagonism" that would warrant recusal. *Id.*

Perez thus relies on the exact kind of bald allegations that cannot sustain a motion to disqualify. Her conclusory claims provide no basis on which an objective observer could reasonably question this Court's impartiality. They reflect nothing more than disagreement with its judicial rulings. And just as "judges have a duty to recuse themselves when partiality exists, judges have an equal duty to not recuse themselves when there is no basis for recusal." *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 593 (D.D.C. 2018).

Finally, the Court denies reassignment of this case back to Chief Judge Boasberg because this case is related to Civil Action No. 18-260, which was dismissed by this judge on January 3,

2019. *Doe 2019*, 373 F. Supp. 3d at 15; *see* Local Civil Rule 40.5(c)(2) ("Where the existence of related cases in this Court is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case . . . for reassignment to the judge having the earlier case."). A subsequent case is related to a case that was dismissed, with prejudice or without, if the "second case is filed (a) involving the same parties *and* (b) relating to the same subject matter." *Wilderness Soc'y v. Bernhardt*, No. 20-cv-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020).

In both the dismissed case and this case, Perez filed suit against the "same parties," namely, KIPP DC, Capital City, Susan Schaeffler Ettinger, Alan Coleman, and ten unnamed agents and employees of KIPP DC and Capital City. Local Civil Rule 40.5(a)(4); *Doe 2019*, 373 F. Supp. 3d at 5; Compl. ¶¶ 2–7. Perez's voluntary dismissal of Susan Schaeffler Ettinger, Alan Coleman, and the ten unnamed defendants does not change the fact that the parties, as originally set forth in Perez's complaints in *Doe 2019* and this case, are identical. *See* Notice Voluntary Dismissal Def. Susan Schaeffler Ettinger, ECF No. 5; Notice Voluntary Dismissal Without Prejudice Defs. Alan Wade Coleman and Roe (1-10), ECF No. 36. Here, Perez's voluntary dismissal operates as an "adjudication on the merits" rather than an amendment to her complaint to exclude defendants who were in *Doe 2019*. Fed. R. Civ. P. 41(a)(1)(B).

This case also relates to the same subject matter. In both cases, Perez seeks civil damages pertaining to the sexual abuse perpetrated by her then-teacher at KIPP DC, Alan Coleman, from 2004 to 2009. *See Doe 2019*, 373 F. Supp. 3d at 5–6; Compl. ¶¶ 13–68. Like in *Doe 2019*, Perez asserts claims under Title IX of the Education Amendments Act, 20 U.S.C. § 1681, and for negligence and intentional infliction of emotional distress. 373 F. Supp. 3d at 6; Compl. ¶¶ 69–120. And though Perez added a premises liability claim while omitting claims under 42 U.S.C. § 1983 and for assault and battery, the "similarities between cases are so

pronounced that the interest in judicial economy becomes paramount." *Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, No. 16-cv-1170, 2016 WL 11184186, at *2 (D.D.C. June 24, 2016).

Further, the time to object has long passed. When Chief Judge Boasberg transferred this case for reassignment to this judge as of May 20, 2021, Perez did not object. *See* Reassignment Civil Case. Nor did Perez object to the designation that the cases are related. *See* Notice Related Case. Given Perez's failure to timely object, the Court's significant investment of time in this case, and Local Rule 40.5(a)(4)'s goal of avoiding "the perverse effect of facilitating . . . judge shopping," Perez's motions requesting that this judge recuse himself and reassign this case are therefore denied.[2] *Wilderness Soc'y*, 2020 WL 2849635, at *3.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for my recusal (ECF No. 116) and motion for reassignment (ECF No. 129) are **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: December 10, 2025                                            RUDOLPH CONTRERAS
                                                                                              United States District Judge

---

[2] Perez does not seek recusal on the ground that this judge's alleged inconsistency in dismissing her claim violated her constitutional due process right. *See* Pl.'s Mot. Recusal at 4 (citing only section 455). But even if she did, her allegations do not come close to satisfying the "more stringent constitutional standard" for recusal. *Jordan*, 315 F. Supp. 3d at 593. That objective test requires a court to ask whether "the average judge . . . is 'likely' to be neutral" in the same circumstances or "whether there is an unconstitutional 'potential for bias.'" *Caperton*, 556 U.S. at 881. A constitutional claim would thus falter for the same reason that Perez's statutory arguments do: no objective observer would suspect this judge to be biased.